**PAN AMERICAN COMPUTER CORPORATION and Endre Guttmann, Plaintiff,**

v.

**DATA GENERAL CORPORATION, Defendant.**

Civ. No. 79–459.

United States District Court, D. Puerto Rico.

March 21, 1979.

Rafael Escalera Rodríguez, Saldaña, López-Baralt & Rey, Santurce, P. R., for plaintiff.

Albertó Picó, Brown, Newsom & Córdova, San Juan, P. R., for defendant.

## OPINION AND ORDER

TORRUELLA, District Judge.

Pending before us is a "Motion for Rehearing and for Dismissal of the Complaint" filed by Defendant, wherein it is contended that the complaint in this case fails to state a claim for relief under the law of Puerto Rico. In support of its argument, movant relies on the following language of the contract entered into by the parties on February 8, 1974.

> "This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts . . ."

The Supreme Court of Puerto Rico has construed the scope of choice of law clauses

like the one at bar against the postulates of public policy embodied in Act No. 75 of June 24, 1964, as amended (10 L.P.R.A. 278 et seq.). In *Walborg Corp. v. Tribunal Superior,* 104 D.P.R. 184 (1975), the Court refused to give effect to a provision in a dealers' contract which read in part as follows:

". . . this contract is made and shall be interpreted under the laws of the State of New York, and any controversy arising under or in relation to this contract shall be settled by arbitration to be held in the City of New York . . ."

The Highest Court of Puerto Rico, emphasizing the strong public interests behind Act No. 75 expressly held that the rights afforded thereby are not subject to waiver. The Court thus invalidated the choice of New York law as well as the choice of a nonjudicial forum contained in the contract.

The Defendants herein, although aware of the pronouncements in *Walborg,* argue that the same were specifically given prospective effect by the Supreme Court. Since the contract in question here was executed in 1974, the proposition is advanced that the law of Massachusetts governs the relationship between the parties. We disagree.

In *McGregor-Doniger v. Superior Court,* 98 P.R.R. 845 (1970) the Supreme Court of Puerto Rico had enforced a contractual arbitration clause in a dealer's contract. This view was expressly overruled in *Walborg,* where the Court, cognizant of the fact that its ruling could unequitably affect the rights of parties who had relied on the doctrine of *McGregor-Doniger,* specifically gave prospective effect to its decision. We believe, however, that said part of the opinion in *Walborg* was circumscribed to the question of arbitrability *vel non* of a contractual dispute under Act No. 75, which was the primary subject of inquiry in *McGregor-Doniger.* Since the Court in *McGregor-Doniger* had *sub silentio* required

that the substantive aspects of arbitration be evaluated in light of the local statute, no problem of reliance existed with regard to the choice of law aspects of the *Walborg* decision.[1]

Furthermore, Article 4 of Act No. 75, 10 L.P.R.A. 278c reads in part:

"The provisions of this chapter are of a public order and therefore the rights determined by such provisions cannot be waived."

The above-quoted section is crystal clear in its terms. The Legislative Assembly of the Commonwealth of Puerto Rico unequivocally foreclosed any doubts concerning the validity of choice of law clauses intended to place dealers' contracts outside of the ambit of the Act. Article 4 antedates the aforesaid decisions of the Supreme Court, and was also effective well before the parties herein agreed on the terms of their relationship. They are thus bound by that substantive mandate of State law. See, *Southern Intern. Sales v. Potter & Brumfield Div.,* 410 F.Supp. 1339 (S.D.N.Y.1976). As the Supreme Court of the United States expressed in the *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), reiterating the rule laid down in *Bisso v. Inland Waterways Corp.,* 349 U.S. 85, 75 S.Ct. 629, 99 L.Ed. 911 (1955):

"A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." 407 U.S. at 15, 92 S.Ct. at 1916.[2]

Moreover, since the clause invoked by Defendants in the Motion before us clearly goes against postulates of policy of the Commonwealth, and specifically transgresses the terms of 10 L.P.R.A. 278c, it should also be deemed deleted from the agreement

---

1. It is interesting to note that the contract in *Walborg* was entered into in 1969.

2. See also, Art. 4 of the Civil Code of Puerto Rico, 31 LPRA 4 *[1966] Servicio Legislativo de Puerto Rico,* No. 4, p. 637, and *[1964]* No. 4, p. 630.

pursuant to the provisions of the contract itself.[3]

3. Subdivision 15 of the contract reads in its pertinent part:

"In the event that any provision of this Agreement shall violate any State or United States law, such provision shall be deemed deleted from the Agreement."

The foregoing suffices to convince the Court that Act No. 75 controls the relationship between the parties. Indeed, the applicability of the Act to the case at bar has always been acknowledged by the Defendant throughout the proceedings herein. Hence, if we assume, *arguendo,* that the *Walborg* doctrine is not applicable to a contract entered into in 1974, and if we further assume that the choice of law clause in question here is valid, plausible grounds exist to conclude that Defendant has waived the application of Massachusetts law by reason of its inconsistent course of conduct in this litigation. Cf. *McGregor-Doniger v. Superior Court,* supra, at 850–851; *Morales Rivera v. Sealand of Puerto Rico, Inc.,* 418 F.2d 725 (C.A. 1, 1969). We, however, need not explore this question in detail, in view of the grounds discussed hereinbefore.

Defendant's "Motion for Rehearing and for Dismissal of the Complaint" shall be, and the same is hereby DENIED.

Plaintiffs are directed to submit their position on the proposed questions to be certified, within five (5) days from the date of this Order.

IT IS SO ORDERED.