Carmen Felicita ARRIETA GIMENEZ, et al., Plaintiffs,

v.

Alberto ARRIETA NEGRON, et al., Defendants.

Civ. No. 83–2460 (JAF).

United States District Court, D. Puerto Rico.

Sept. 30, 1987.
As Amended Nov. 10, 1987.

Blas C. Herrero, Jr., Carmen Felicita Arrieta, Iván Díaz de Aldrey, Conjugal Partnership, San Juan, P.R., for plaintiffs.

Edward A. Godoy, Feldstein, Gelpi, Hernandez & Gotay, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This case is before us on a motion for summary judgement by the co-defendants in this action. Fed.R.Civ.P. 56. Those facts undisputed by both parties follow in relevant detail.

After two marriages and five children, Rafael Arrieta Ríos passed away on November 8, 1958. Plaintiff Carmen Felícita Arrieta Giménez is the child of his second wife and widow, Felícita Giménez Alvarez–Torres. Co-defendants are the children from his first marriage. At his death, Arrieta's estate consisted of real and personal property in the Commonwealth of Puerto Rico and in the State of Florida.

The course of probate was far from smooth. Arrieta's children from his first marriage contested his widow's election of dower and probate of the estate in Dade County. They, together with the estate of their mother and Central Juanita, Inc., of which Rafael Arrieta Ríos was a shareholder, also filed various claims against the estate in the Dade County proceedings. The widow and her daughter objected to all of these claims. In addition, they contested probate of the estate in Indian River County, Florida.

Eventually, on July 27, 1960, in Florida, plaintiff and her mother signed a Settlement Agreement with co-defendants. That contract purported to "irrevocably terminate and settle any and all differences and claims ... excepting such as are afforded by this Agreement." Settlement Agreement at 12. Under the terms of the Agreement, plaintiffs were to drop any claims against the co-defendants, who were in turn to drop their own cases. Plaintiff would be paid $175,000 and the widow $350,000 for their shares of Arrieta's estate. Moreover, the balance of a mortgage owed by the plaintiff was to be made by co-defendants. Finally, the plaintiff received title to a 1958 Buick and she and her

48

mother were to be held harmless from any taxes levied on the estate.

Plaintiff admits that she and her mother received all that was due under the Agreement. In fact, the balance of the moneys owed was paid by July 26, 1962. Plaintiff filed the complaint that produced this action because on October 7, 1983 she discovered a Declaration of Trust in the records at the Registry of the property of Bayamón, Puerto Rico, indicating to her that the true value of her father's estate was considerably higher than she believed when she signed the Settlement Agreement. Indeed, plaintiff asserts that the value of her share of her father's estate was over $5 million, but that she was defrauded by her half-siblings, especially the oldest, Alberto Arrieta Negrón, into signing the Agreement and forfeiting her inheritance for far less than it was worth.

Months after she discovered the Declaration of Trust, plaintiff commenced this action. Nonetheless, even taking all of plaintiff's allegations of fraud and concealment to be true, we find that the applicable statute of limitations bars her claim.

### I.

Pursuant to *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 28 L.Ed. 1188 (1938), federal courts apply the substantive law of the state in which they sit, including state conflicts of law provisions. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Advance Financial Corp. v. Isla Rica Sales, Inc.,* 747 F.2d 21, 28 (1st Cir.1984). Consequently, the Puerto Rico conflicts of law standards govern our determination.

■ Faced with plaintiff's claim of fraud, we turn to the Puerto Rico Supreme Court case, *Widow of Fornaris v. Amer. Surety Co. of N.Y.,* 93 P.R.R. 538 (1961), which adopts the doctrine of "dominant contacts" for "damages" or torts. Under that doctrine, "[i]t is not the number of contacts what [sic] determines the applicable law but the quality of the latter in relation to the question in controversy." *Green Giant Co. v. Superior Court,* 104

P.R.R. 489 (1975). In *Green Giant,* the Supreme Court distilled the principles judges should consider as follows:

a) predictability of results, b) maintainance of interstate and international or-der, c) simplification of the judicial task, d) advancement of the forum's governmental interests and e) application of the better rule of law.

104 P.R.R. at 695, *citing* R. Leflar, *American Conflicts Law* at 245 (1959).

With those standards in mind, we hold that, although it is a close question, Florida law applies to this particular claim. From 1958–1962, plaintiff resided, "permanently" by her own admission, in Fort Lauderdale. At least one of the defendants resided in Florida at that time. The agreement was signed in Florida and approved by the Dade County Probate Court there. All of the parties retained Florida lawyers. Indeed, payments pursuant to the Agreement were made through the Florida offices of the attorneys representing the plaintiffs. We conclude that the parties had reason to expect Florida law to govern their transaction, that Florida retains an interest in regulating the conduct of those making agreements in that state, and that no purpose of the Commonwealth of Puerto Rico is served by applying Puerto Rican law to the transaction.

### II.

■ Applying Florida law, we find that the relevant statute of limitations bars plaintiff's claim. Florida Statutes, Section 95.031(2) (1986) reads:

Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the

date the fraud was or should have been discovered.

This language quite clearly bans an attempt to redress a wrong that may have been committed more than twenty years ago.[1]

While we sympathize with the plaintiff's desire for redress, the rationale behind the Florida legislature's actions is equally understandable. The lawmakers evidently concluded that there comes a time when the curtain must fall on a cause of action regardless of when the wrong is discovered. As the Supreme Court has held, and defendants have noted in their brief:

> The theory is that even if one has a just claim it is not unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of state claims in time comes to prevail over the right to prosecute them.

*Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 348–9, 64 S.Ct. 582, 586, 88 L.Ed. 788, *quoted in American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 766–67, 38 L.Ed.2d 713 (1974).

Nor are we persuaded by the facts of this case to protest the congressional mandate. When the plaintiff signed the Agreement she was already a college graduate; twelve years later she was certainly mature enough, and had been for some time, to investigate any wrongs that may have been committed by her brothers and sisters. We cannot view this as an instance where a cause of action was undiscoverable during the statutory period and thus unconstitutionally barred before it ever arose. *Cf. Diamond v. E.R. Squibb and Sons,*

*Inc.*, 397 So.2d 671, 672 (1981) (McDonald, J., concurring).

### III.

■ It should be noted briefly that even if Puerto Rico law were to apply to all or part of this action, plaintiff would still be time-barred. The applicable Puerto Rico statutes, articles 1221 and 1253 of the Civil Code, 31 L.P.R.A. secs. 3408 and 3512, govern actions for nullification of a contract. *Rivera v. Heirs of Díaz*, 70 P.R.R. 168, 172–73 (1949).[2] Under those standards, such an action cannot be brought once four years have passed since the execution of the contract. No reasonable period for discovery is given, nor will any other event toll the statute of limitations. Simply put, we are faced with a civil law caducity term (period of extinguishment) that cannot be extended. *See Lummus Company v. Commonwealth Oil Refining Co.*, 280 F.2d 915, 930–31 n. 21 (1st Cir.), *cert. denied*, 364 U.S. 911, 81 S.Ct. 274, 5 L.Ed.2d 225 (1960); *cf. Fireman's Insurance Co. of Newark, N.J. v. Gulf Puerto Rico Lines*, 349 F.Supp. 952, 957–58 (1972). Lapse of time extinguishes the right to a cause of action to the point that it can be raised *ex officio judicis*. *Ortiz Rivera v. Heirs of González Martínez*, 93 P.R.R. 549, 552–56 (1966).

A contemporary Spanish commentator to the Civil Code is in agreement that the term of four years contained in article 1253 of the Civil Code, 31 L.P.R.A. sec. 3512, is one of caducity or extinguishment, properly speaking one of "caducidad". Referring to the Spanish counterpart, article 1301 of the Spanish Civil Code, Puig Brutau states:

---

1. Although in 1986, the Florida legislature amended this statute to remove the absolute twelve-year limitation on products liability claims because of Florida Supreme Court rulings on its constitutionality, we find it significant that the legislature deliberately retained the limit for fraud actions. Appellate court decisions notwithstanding, *see e.g., Kempfer v. St. Johns River Water Management*, 475 So.2d 920, 924, n. 14 (Fla.App. 5 Dist.1985), we conclude that the statute as amended was expressly intended to bar fraud actions once twelve years pass.

2. Here, as explained in *Heirs of Díaz*, we are faced with pleadings that impliedly concede that the contract is not void but voidable. In *Díaz*, plaintiffs rested on incapacity pursuant to article 1215 of the Civil Code, 31 L.P.R.A. sec. 3402, which resulted in a void contract ("contrato inexistente o nulo *ab initio*"), for which there is no statute of limitations. In the case at bar, plaintiff is resting on deceit (fraud) under article 1221 of the Civil Code, 31 L.P.R.A. sec. 3408, which renders the transaction only voidable and thus subject to time-for-suit provisions.

50

[E]ste plazo no es de prescripción extintiva sino de caducidad, de modo que no es susceptible de interrupción y los Tribunales pueden aplicarlo de oficio.[3]

J. Puig Brutau, *Fundamentos de Derecho Civil*, Vol. II No. 1, p. 323 (Bosch, Barcelona, 1971).

### IV.

In sum, we dismiss plaintiff's claim on the basis of applicable law, the Florida statute of limitations for fraud actions. Because we find this basis dispositive, we need not consider defendants' other claim that the Florida Probate Court order approving the Settlement Agreement rendered the arrangements between the parties res judicata for any further actions.

The complaint as to plaintiff Carmen Felícita Arrieta Giménez is hereby DISMISSED.

IT IS SO ORDERED.

---

**3.** Our translation of the quoted language is as follows:

This term is not one of prescription of extinction, but of caducity, which is not subject to toll and the courts can apply the same as a matter of course.