**ARROGAR DISTRIBUTORS, INC., Plaintiff,**

v.

**KIS CORPORATION, et al., Defendants.**

Civ. No. 90–1665(PG).

United States District Court, D. Puerto Rico.

Sept. 27, 1993.

---

Phillip E. Roberts, San Juan, PR, for plaintiff.

Virgilio Méndez Cuesta, Río Piedras, PR, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

### I. INTRODUCTION

On August 11, 1993, counsel for co-defendants, Kis Corporation ("Kis–USA"), Kis Photo Industrie, S.A. ("Kis–Photo"), Kis France, S.A. ("Kis–France"), and Serge Crasnianski ("Serge") filed a motion to vacate judgement, dated January 15, 1991 (docket No. 9), pursuant to Fed.R.Civ.P. 60(b), due to plaintiff's, Arrogar Distributors, Inc. ("Arrogar"), failure to obtain jurisdiction over defendants pursuant to Fed.R.Civ.P. 4(e). Co-defendants claim "that the judgement is void due to the failure of plaintiff to properly serve the defendants so as to obtain jurisdiction over them."

The issues before this Court are: (1) whether service of process to co-defendants Kis–France, Kis–Photo and Serge Crasnianski was made in conformity with Fed.R.Civ. Proc. 4(i)(1)(D); (2) whether service of process to Kis–USA was made pursuant to Rule 4.5 of the Puerto Rico Rules of Civil Procedure; (3) whether service of process failed to comply with Rule 4.5 of the Puerto Rico Rules of Civil Procedure due to failure to state the type of action and plaintiff's attorney telephone number; (4) whether the distribution agreement is to be governed by the laws of the State of New Jersey; and (5) whether the agreement vests subject matter jurisdiction of the cause of action in the courts of the State of New Jersey.

### II. FACTS

On January 15, 1991, this Court via default Judgement (docket No. 9) ruled in favor of plaintiff. The facts, as summarized in the Findings of Fact and Conclusions of Law (docket No. 8), are as follows:

1. On June 11, 1990, pursuant to motion of plaintiff, the latter was authorized to serve process on all defendants through Fed.R.Civ.P. 4(e). All defendants were served with process and no appearance was made by any defendant at any time. The default of all defendants was entered on September 17, 1990.

2. Co-defendant Kis Corporation ("Kis–USA") is a subsidiary of co-defendant Kis France, S.A. ("Kis–France") and was under the control of the latter. During the period prior to February 1, 1988, Kis–USA represented to plaintiff that it had the right to appoint plaintiff as the exclusive distributor in Puerto Rico and the United States Virgin Islands ("Virgin Islands") for certain photographic products emanating from Kis–France and/or co-defendant Kis Photo Industrie, S.A. ("Kis–Photo"), the latter another subsidiary of Kis–France and also under the control of Kis–France.

3. Plaintiff relied on the aforementioned representation and in the latter part of January 1988 entered into an agreement with American Supplies & Maintenance, Inc. ("American") whereby plaintiff was appointed the exclusive distributor in Puerto Rico

and the Virgin Islands for the distribution of certain photographic supplies emanating from Kis–USA.

4. Shortly thereafter plaintiff entered into an agreement with Kis–USA whereby plaintiff was appointed the exclusive distributor of Kis–USA for the sale of certain equipment emanating from the latter, the equipment to be sold in Puerto Rico and the Virgin Islands. In order to obtain the agreements previously mentioned plaintiff paid to American the sum of $40,000.00, which sum was then turned over to Kis–USA, the reason given for such transaction being one for "tax purposes". In addition, plaintiff expended the sum of $25,000.00 in the period from February 1, 1988, through the middle of July, 1989, in developing such distributorship.

5. In the middle of July of 1989 plaintiff was notified by co-defendant Amjess of North America, Inc. ("Amjess") by letter that such entity now had the exclusive right to distribute the products emanating from Kis–USA in North America, including Puerto Rico and the Virgin Islands, and that if plaintiff wished to gain such right, it would have to deal with Amjess in accordance with terms and conditions laid down by the latter.

6. The exclusive distributorship right claimed by Amjess was allegedly obtained via an agreement with Kis–USA and Kis–France. Plaintiff then entered into conversations with co-defendant John P. Vaughan ("Vaughan"), president of Amjess, in an attempt to solve the situation, all to no avail. Plaintiff then sent two persons to France to try to find out why its agreement with Kis–USA was being ignored in favor of the agreement claimed by Amjess, all at an expense of about $6,000 to plaintiff.

7. Plaintiff was unable to come to any conclusion with Kis–Photo except that the latter offered plaintiff the exclusive right to distribute certain photographic equipment in the Antilles, save for Puerto Rico and the Virgin Islands, subject to plaintiff coming to an agreement with Amjess. Plaintiff accept-

ed the agreement encompassed with the provision that plaintiff would retain its rights against Amjess. Kis–Photo did not accept such proviso.

8. Plaintiff was induced by Vaughan to send Amjess the sum of $7,500.00 towards the purchase of a certain machine; Amjess retained the $7,500.00 and never sent the machine to plaintiff.

9. The Court concluded that all the defendants mentioned herein, including co-defendant Serge Crasnianski ("Serge"), Chairman of Kis–Photo, engaged in a scheme to defraud plaintiff out of its $40,000.00 and the $7,500.00 given to Amjess.

## III. SERVICE OF PROCESS AND PERSONAL JURISDICTION

### A. Service of Process on Kis–France and Kis–Photo

■ The basis for the Court's ruling is found in *Senior Loiza Corp. v. Vento Development Corp.,* 760 F.2d 20, 24 (1985), where the First Circuit concluded that "the strictness of the requirement [of service of process via publication] is based on the fact that service by publication permits a plaintiff to proceed to judgement with nothing more than a form of notice to defendant-publication-that is quite likely to go unobserved. It is thus important for the court to ascertain reliably that plaintiff has a good cause of action." *See also, Rodriguez v. Nasrallah,* 118 D.P.R. 93, 102 (1986); *Mundo v. Fusté,* 87 P.R.R. 343, 350–51 (1963); *Danis v. Municipal,* 57 P.R.R. 815, 817–19 (1940); *Court Miranda v. Heirs of Alicea,* 52 P.R.R. 247, 252–53 (1937).

This Court shall examine whether Arrogar Distributors, Inc. ("Arrogar") served defendants so as to confer upon this Court jurisdiction over co-defendants. Co-defendants claim that service upon Kis France, Kis Photo and Serge Crasnianski failed the three prong test of *Borschow Hosp. & Med. Supplies v. Burdick–Siemens,* 143 F.R.D. 472 (D.Puerto Rico, 1992).[1] Co-defendants claim

---

1. The test established by this Court's ruling in *Borschow* is as follows:

"Service of process by mail on a non-resident, foreign defendant is proper pursuant to

section 10(a) of the Hague Convention on Service of Process on Persons Abroad so long as (1) said process conforms to the requirements encoded in F.R.Civ.P. 4(i)(1)(D), (2) the receiv-

that plaintiff failed with prongs one (1) and three (3). The Court disagrees.

First, we must examine whether plaintiff followed the strict requirements encoded in Fed.R.Civ.P. 4(i)(1)(D). This Court concludes that plaintiff's service of process conforms to said requirements. The federal rules provide that the rules of the state in which the district court is located may be utilized. Plaintiff used Puerto Rico's long arm statute (32 L.P.R.A., Ap. III R 4.5) to service process via certified mail to the last known address of Kis–France and Kis–Photo in Grenoble, France. Both Kis–France and Kis–Photo received via certified mail their summons and complaint. The proof of service required by F.R.Civ.P. 4(i)(2) was evidenced by two receipts signed by the addressee evidencing satisfactory delivery of summons and complaint.

■ The second test of the *Borschow* decision, *supra*, was that the receiving country had not objected to Article 10(a) of the Hague Convention. The second requirement was met, as France was a signatory of the Hague Convention and the latter did not object to Article 10(a). Therefore, service of process by mail was a viable alternative to personal service of process.

■ The third test is the language test. The Court concludes that Plaintiff did not fail prong three (3). Our ruling in *Borschow, supra*, at 480, confirmed that the language test would "not be given retroactive effect as it was impossible for plaintiff to divine the law for the up to now *tabula rasa* of First Circuit jurisprudence." Because service to both to Kis–France and Kis–Photo occurred prior to our decision in *Borschow*, service is not quashed.

■ After October 6, 1992, the bar was advised that the *Borschow Hosp. & Med. Supplies v. Burdick–Siemens* requirements for service of process by mail on a non resident foreign defendant would be strictly adhered to. This Court once again reaffirms said holding.

## B. Service of Process to Serge Crasnianski

■ Co-defendants claim that service to Mr. Crasnianski was deficient, because it was not sent to his last known address. The Court agrees. Rule 4.5 of the Puerto Rico Rules of Civil Procedure states that notice of summons and copy of complaint must be sent via certified mail to the last known address. The rule also requires that plaintiff prove to the satisfaction of the Court via affidavit the steps taken to locate the person. Furthermore, in *Sáez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 (1st Cir.1986), the Court of Appeals concluded that a plaintiff has the burden of proof to establish that all necessary means were employed in service of process.

■ In this case, plaintiff failed prove to the satisfaction of this Court that it complied with all necessary means of service of process. The record does not state specific probative facts showing that due diligence was employed to locate defendant's address. Plaintiff merely concluded that Mr. Crasnianski was a citizen of France, resident and domiciled in Grenoble, France. These are mere generalities, which show plaintiff's unwillingness to dirt its hands in search of Mr. Crasnianski's personal address. Service of Process by mail is not a convenience for plaintiffs, it is an elementary and fundamental requirement of due process in any proceeding. *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Plaintiff should have picked up the yellow pages and "let its fingers do the walking" so as to obtain an agency that would service defendant in Grenoble, France. The Court thus concludes that service of process to Serge Crasnianski at Kis–France's business address was not adequate to obtain jurisdiction over him, as this was not his last known address.

## C. Service of Process to Kis–USA

■ Kis–USA, a California corporation doing business in the State of New Jersey, claims that service was deficient because the mailing of process was not made to its "last known address" in Somerset, New Jersey, as

ing country has not objected to section 10(a), and (3) the documentation is translated to the

language of the receiving country." *Supra*, at 486.

required by Rule 4.5 of the Puerto Rico Rules of Civil Procedure. Instead, plaintiff sent notice through the mail to the parent company's address in Grenoble, France. The Court agrees with co-defendant that service was deficient albeit for reasons different than those proffered by co-defendant.

Plaintiff claims that since July 1989, Kis–USA was no longer at the Somerset, New Jersey address. Therefore, service could not be made in New Jersey. Plaintiff reasoned that service of process had to be sent to the parent company's address in Grenoble, France.

Even if plaintiff had doubts as to the last known address of co-defendant Kis–USA, it knew that Kis–USA was a California corporation, doing business in the State of New Jersey. Under California's Corporate Code[2], any corporation organized under its laws must have an agent for service of process. This information is thus readily available to the public. Hence, plaintiff failed in its duty to make a reasonable search of Kis–USA's agent to receive service in the United States.

The Puerto Rico Supreme Court in *Rodríguez v. Nasrallah*, 118 D.P.R. 93, 100 (1986), relying on *Mullane v. Central Hanover Tr. Co., supra*, concluded that "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice reasonably calculated, under all the circumstances, to apprise interested parties* of the pendency of the action and afford them an opportunity to present their objections."

Plaintiff should have followed the corporate trail to California and found the service agent for Kis–USA in California. With today's computerized legal services, plaintiff's failure to search is inexcusable.

This Court never had jurisdiction over Kis–USA due to defective service of process. Service of process to the parent company in France did not comply with the strict reading of Rule 4.5, as service was never sent to last known address. Thus, service of process to Kis–USA is hereby quashed.

### D. *Failure of Summons to Comply with the Rules of Civil Procedure for Puerto Rico*

Co-defendants claim that Plaintiff failed to comply with Rule 4.5 of the Rules of Civil Procedure for Puerto Rico. The basis for their claim was that the publication of the edict did not comply with two requirements: (1) that the phone number of the plaintiff's attorney was not contained in the notice, and (2) that publication omitted the type of action. The Court disagrees.

The Supreme Court of Puerto Rico addressed a similar issue in *Community Partnership v. Superior Court*, 85 P.R.R. 860, 862 (1962) in which the name and address of plaintiff's attorney was omitted. The Supreme Court of Puerto Rico concluded that "the sole purpose of stating in the summons the name and address of plaintiff's attorney is to permit the defendant to serve any pleading or motion which he may intend to file ... said information appeared clearly in the copy of the complaint which was delivered personally to defendant at the time summons was served." *Supra*, at 862. Although in this case the complaint was not delivered personally, it was served by mail with the summons. In the complaint two telephone numbers appear and the nature of the complaint is clearly explained therein.

### III. CHOICE OF LAW

Co-defendants allege that the Court applied "the wrong law in the wrong forum" as the distribution contract states that "[t]he parties specifically agree that this Agreement was made in the State of New Jersey and each of the parties rights and obligation hereunder shall, as to all matter, ... be construed pursuant to and governed by the laws of the State of New Jersey, without giving effect to conflict of laws." Furthermore, defendants state that the Agreement confers jurisdiction of the underlying cause of action in the courts of the State of New Jersey. The Court disagrees.

The Supreme Court in *Bisso v. Inland Waterways Corp.*, 349 U.S. 85, 75 S.Ct. 629,

---

**2.** Cal.Corp.Code Section 202(c) (West 1993); Cal. Corp.Code Section 1502(b) (West 1993); Cal.Corp. Code Section 2105 (West 1993); and, Cal.Corp. Code Section 2117 (West 1993).

99 L.Ed. 911 (1955), established that a contractual choice of forum clause should be held unenforceable if enforcement thereof would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.

The Supreme Court of Puerto Rico in *Walborg Corp. v. Superior Court,* 104 D.P.R. 184 (1975), concluded that Act No. 75 of 1964 was approved for the express purpose of protecting the local dealers against undue practices on the part of manufacturers. According to the decision, the Puerto Rico Legislature was concerned with "the problem created in the system of distribution in Puerto Rico, ... [where] unjust action of manufacturing enterprises, domestic and foreign that, without just cause, terminate the relationship with their dealers and agents in Puerto Rico, as soon as the latter have created a favorable market for their products, frustrat[ed] the legitimate expectations and interest of those who have complied with their responsibilities so efficiently." *Id.,* at 188.

In *Cobos Liccia v. Dejean Packaging,* 89 JTS 104, 7255, the Puerto Rico Supreme Court relied on *Walborg, supra,* to state that "[a]ct No. 75 unquestionably represents a strong public policy directed to level the contractual conditions between two groups financially unequal in their strength."

In case after case[3], the Supreme Court of Puerto Rico and this Court have concluded that the purpose of this law was to protect the interest of commercial distributors working in Puerto Rico.

In *Pan Am. Computer Corp. v. Data General Corp.,* 467 F.Supp. 969, 969–70 (D.P.R. 1979), the Court stated that "the Highest Court of Puerto Rico, emphasizing the strong public policy interest behind Act. No. 75 expressly held that the rights afforded thereby are not subject to waiver." The Court went on to invalidate the choice of New York law as well as the choice of a nonjudicial forum contained in the contract.

The principle is based on Article 4 of Act No. 75, 10 L.P.R.A. 278c, which reads: "The provisions of this chapter are of a public order and therefore the rights determined by such provisions cannot be waived." Thus, the Legislative Assembly of the Commonwealth of Puerto Rico unequivocally foreclosed any doubts concerning the validity of choice of law clauses intended to place dealer's contracts outside of the ambit of the Act.

Therefore, the Court concludes that it is the proper venue for the case and that Puerto Rico law is applicable.

## IV. CONCLUSION

This Court holds that service of process by mail on Kis–France and Kis–Photo was proper as the ruling of *Borschow* had no retroactive effect to permit quashing of service. However, service of process by mail on Kis–USA and Serge Crasnianski failed to meet the standards of Rule 4.5 of the Puerto Rico Rules of Civil Procedure, thus the judgement (docket No. 9) is null, as to them, due to lack of jurisdiction. Judgement stands as to Kis–France, Kis–Photo, Amjess and Vaughan.

Also, this Court holds that the choice of law clause in the distribution contract is unenforceable based on the strong public policy contents of Act No. 75 of 1964.

**IT IS SO ORDERED.**

---

**3.** *Warner Lambert Co. v. Superior Court of Puerto Rico,* 101 D.P.R. 378 (1973); *Gemco Latinoamerica, Inc. v. Seiko Time Corp.,* 623 F.Supp. 912 (D.P.R.1985); *Pan Am Computer Corp. v. Data General Corp.,* 467 F.Supp. 969 (1979); *Ruiz v. Economics Laboratories, Inc.,* 274 F.Supp. 14 (1967).