**CARIBBEAN WHOLESALES & SERVICE CORPORATION, Plaintiff,**

v.

**US JVC CORPORATION, Defendant.**

**No. 93 Civ. 8197 (PKL).**

United States District Court, S.D. New York.

June 14, 1994.

---

Walter, Conston, Alexander & Green, P.C., New York City (Stephen S. Hart, of counsel), for plaintiff.

Golenbock, Eiseman, Assor & Bell, New York City (Richard S. Taffet, Jacqueline G. Veit, of counsel), for defendant.

## OPINION AND ORDER

LEISURE, District Judge:

In this action, plaintiff ("Caribbean Wholesales") seeks to recover for violations of Puerto Rico's Dealers' Contracts Act, Law No. 75 of June 24, 1964, P.R.Laws Ann. tit. 10 § 278 (1978 & Supp.1989) ("Law 75"). The defendant ("JVC") has moved to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, the motion is denied.

### BACKGROUND

Caribbean Wholesales and JVC are parties to an agreement (the "Distribution Agreement") which provides that Caribbean Wholesales is a distributor of JVC products in Puerto Rico. The Distribution Agreement contains a forum selection clause specifying that suits brought by JVC relating to the

agreement must be brought in New York State Supreme Court or in the District Court for the Southern District of New York. The Distribution Agreement also contains a choice of law clause specifying that the agreement shall be construed in accordance with New York law.

On or about April 27, 1993, Caribbean Wholesales filed suit in Puerto Rico Superior Court contending that JVC had violated Law 75. JVC removed the case to United States District Court for the District of Puerto Rico. JVC then moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(3) and 12(b)(6) and 28 U.S.C. § 1406(a) contending that Puerto Rico was an improper venue in light of the Distribution Agreement's forum selection clause. The district court held that it would not be in the interests of justice to dismiss the case, but ordered the case transferred to this Court pursuant to 28 U.S.C. 1404(a).

## DISCUSSION

JVC contends that the law of New York, rather than that of Puerto Rico, is applicable to this action and, consequently, that Caribbean Wholesales, whose claims are premised on the application of Puerto Rico law, has failed to state a claim upon which relief can be granted.

## I. WHAT CHOICE OF LAW RULES GOVERN THIS DISPUTE?

As an initial matter, this Court must determine whether to apply the choice of law rules of New York or of Puerto Rico. To do so, the Court must address a question of first impression in this Circuit: whether, subsequent to a transfer based on a forum selection clause, the transferee court should apply the law of the state in which it sits, or that of the state in which the transferor court sat.

As a general matter, the law applicable subsequent to a transfer depends upon the statutory provision pursuant to which the transfer was made. If the transfer was made pursuant 28 U.S.C. 1406(a), because venue was improper in the transferor court,

then the transferee state's law is applicable. *Martin v. Stokes,* 623 F.2d 469, 472 (6th Cir.1980); *Geehan v. Monahan,* 382 F.2d 111, 114 (7th Cir.1967); *see also Davis v. Costa–Gavras,* 580 F.Supp. 1082, 1086 (S.D.N.Y.1984). If the transfer was made pursuant to 28 U.S.C. 1404(a), for the convenience of the parties and related considerations, then the transferor state's law is generally applicable. *See Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 820–21, 11 L.Ed.2d 945 (1964).

The courts that have addressed the question of what law should apply subsequent to a transfer based on a forum selection clause have considered the governing statutory provision to be § 1406(a), reasoning that venue is improper when an action is brought contrary to a forum selection clause. Accordingly, these courts have applied the transferee state's law. *See Koutsoubos v. Casanave,* 816 F.Supp. 472, 475 & n. 5 (N.D.Ill.1993); *Hoffman v. Burroughs Corp.,* 571 F.Supp. 545, 550–51 (N.D.Tex.1982) (transferring case pursuant to § 1406(a) so that the transferee state's law would apply); *see also* Julia L. Erickson, Comment, *Forum Selection Clauses in Light of the Erie Doctrine and Federal Common Law:* Stewart Organization v. Ricoh Corporation, 72 Minn.L.Rev. 1090, 1092 (1988) (advocating application of transferor state's law); *Full–Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71, 74 (S.D.N.Y.1978) (not discussing applicable law, but transferring case pursuant to § 1406(a) based on forum selection clause).

The application of the transferee court's law is a result with considerable appeal. By agreeing to litigate their dispute in a particular forum, parties implicitly agree to the application of the forum's law—or more accurately, to the application of the forum's choice of law rules since these rules may in turn direct the application of another forum's substantive law.[1] *Cf. The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 14 n. 15, 92 S.Ct. 1907, 1915 n. 15, 32 L.Ed.2d 513 (1972) ("It is ... reasonable to conclude that the forum clause was also an effort to obtain certainty

---

1. The parties may of course also adopt a choice of law clause, as have the parties to this suit, which will in most instances determine the appli-

cable substantive law. However, to determine the effect of this choice of law clause, the Court must first select and apply choice of law rules.

as to the applicable substantive law.") Applying the transferee state's law effects this anticipated result and thereby supports the parties' efforts to ameliorate the vicissitudes and complexities of our federal system. *Cf. id.* at 13, 92 S.Ct. at 1915 ("The elimination of all such uncertainties by agreeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce, and contracting."); *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S.Ct. 2239, 2246, 101 L.Ed.2d 22 (1988) ("Courts should announce and encourage rules that support private parties who negotiate [forum selection] clauses.") (Kennedy, J., and O'Connor, J., concurring).

The viability of applying the transferee state's law, however, has been thrown into considerable doubt by the United States Supreme Court's decision in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). In *Stewart,* the Court undermined the rationale of those cases applying the transferee court's law because it held that a motion to transfer premised on a forum selection clause is to be decided under the rubric, not of § 1406(a), but of § 1404(a). *Id.* at 28, 108 S.Ct. at 2243. Indeed, though the question was not directly at issue in *Stewart,* the proposition that a forum selection clause transfer would not result in a change in applicable law was an important element in the Court's decision. At issue between the majority and Justice Scalia in dissent was whether the validity of a forum selection clause should be determined by state or federal law. Justice Scalia argued that the validity of a forum selection clause is a question of substantive law, and that state law should therefore govern under *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *See Stewart,* 487 U.S. at 37–40, 108 S.Ct. at 2247 (Scalia, J., dissenting). The basis for the majority's rejection of this argument was that a § 1404(a) transfer is a "housekeeping measure" that does not carry with it a change in applicable law. *Id.* at 32, 108 S.Ct. at 2245 (*quoting Van Dusen,* 376 U.S. at 636–37, 84 S.Ct. at 819). Accordingly, the Court concluded that the validity of a forum selection clause is a procedural question to which federal law can be applied without violating *Erie.* Thus, if this Court were to hold that a forum selection clause transfer does carry with it a change in applicable law, *Erie* presumably would be violated.

Moreover, the Supreme Court's more recent decision in *Ferens v. John Deere Co.,* 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) serves to underscore the Court's commitment to the proposition that a § 1404(a) transfer should not carry with it a change of law. In that case, the plaintiffs had commenced an action in a state with a generous statute of limitations and had subsequently sought transfer of the case to a more convenient forum. The defendant argued that the general rule of *Van Dusen* that the transferee court shall apply the transferor state's laws should not be applicable when the plaintiff initiated the transfer. The Supreme Court, however, rejected this argument. Among the various considerations cited by the Court were that § 1404(a) is "a housekeeping measure that should not alter the state law governing a case under *Erie,*" that § 1404(a) should not provide an opportunity for forum shopping, and that if § 1404(a) transfers resulted in a change in applicable law, courts would no longer be able to focus solely on considerations of convenience in deciding whether to transfer a case. *Id.* at 526–529, 110 S.Ct. at 1281–83. Thus, in *Ferens* the Court applied the rule of *Van Dusen* subsequent to a plaintiff initiated transfer even though in *Van Dusen* itself the Court had suggested this circumstance might provide an exception to the general rule. *Van Dusen,* 376 U.S. at 640, 84 S.Ct. at 821.

Thus, at least at first glance, *Stewart* and *Ferens* appear to point strongly in favor of applying the transferor state's law in the instant case. However, it is evident that the underlying principle of *Ferens,* and of *Van Dusen* itself, is fidelity to *Erie.* Section 1404(a) has been viewed as a threat to *Erie* because it is a unique incident of federal jurisdiction that, if it carried with it a change of law, could result in the application of different law than would have been applied had the case been brought in state court. *Ferens,* 494 U.S. at 524, 110 S.Ct. at 1280. However, this view of § 1404(a) as unique must be qualified with respect to transfers

based on a forum selection clause. The practical equivalent of a § 1404(a) transfer can occur in state court if the case is dismissed for *forum non conveniens* and then refiled in the contractually specified forum. Moreover, this dismissal will in practice carry with it a change in applicable law, for there is obviously no rule providing that the contractually specified forum will apply the law of the forum in which the case was first filed.

Accordingly, since the overwhelming majority of states enforce forum selection clauses,[2] and since a suit brought in an improper forum is subject to dismissal for *forum non conveniens*,[3] in many cases a suit initially brought contrary to a forum selection clause in state court will be dismissed, refiled in the contractually specified forum, and then determined according to the laws of that forum. Rather than replicating this result in federal court, applying *Van Dusen* to forum selection clause transfers would achieve precisely the opposite result: the application of the transferor state's law rather than that of the contractually specified state. Thus, the applicable law would depend upon whether a party filed its case in federal or state court and, as is always the case when such discrepancies exist, an opportunity for forum shopping would be created. *See Erie*, 304 U.S. at 74–75, 58 S.Ct. at 820–21; *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8 (1965); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941) (holding that conflicts principles are substantive law under *Erie* ).

In short, the aim of *Van Dusen* was to observe *Erie* by providing that a transferee court will apply the law that the state courts of the transferor state *would* have applied had the case been brought in state court; but applying the transferor state's law to cases that these state courts would have dismissed would be to apply law that the state courts would therefore *not* have applied. This

would violate *Van Dusen*'s goal of ensuring that parties cannot "achieve a result in federal court which could not have been achieved in the courts of the State where the action was filed." *Van Dusen*, 376 U.S. at 638, 84 S.Ct. at 820.

It is precisely this concern that has led to the development of an exception to the rule of *Van Dusen* in those instances in which the transferor court did not have personal jurisdiction over the defendant, though venue was proper. Such a transfer is best characterized as one pursuant to § 1404(a) since this section applies to transfers from one proper venue to another. 15 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3827 (1976); *see Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1108 (5th Cir.1981); *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns*, 689 F.2d 982, 992 (11th Cir.1982). However, courts have recognized that applying the rule of *Van Dusen* would permit a party to unfairly "capture" the law of the transferor forum by filing a suit in federal court though the absence of personal jurisdiction would have led to dismissal in state court. Viewing such a result as contrary to *Erie*, these courts have determined that the transferor state's law is not applicable when the transferor court lacked personal jurisdiction over the defendant. *See Ellis* at 1108, 1111; *Roofing & Sheet Metal Serv.* at 992; Wright, Miller & Cooper at § 3827.

There appears, then, to be as much to be said against applying the transferor state's law after a forum selection clause transfer as against applying the transferee state's law. Not only would applying *Van Dusen* violate *Erie*; in addition, it would lead to results contrary to the parties' intentions and would undermine their efforts to address the vicissitudes of the federal system by specifying their selected forum. Despite the clear support for such efforts expressed by the Supreme Court in *Bremen* in the international

---

2. *See* Leandra Lederman, Note, Viva Zapata!: Toward a Rational System of Forum–Selection Clause Enforcement in Diversity Cases, 66 N.Y.U.Law.Rev. 422, 449 n. 172 (1991) (noting only three states (Alabama, Georgia and Missouri) that still had a public policy against the enforcement of forum selection clauses).

3. *See, e.g., Crowson v. Sealaska Corp.*, 705 P.2d 905 (Alaska 1985); *Furda v. Superior Court*, 161 Cal.App.3d 418, 424–25, 207 Cal.Rptr. 646, 650 (1984).

context, in the domestic context the federal courts would ironically not only come to lag behind the states, but would in fact provide a mechanism for evading the substantive law effects that result from state enforcement of forum selection clauses. No matter how unjustified a party's initiation of suit contrary to a forum selection clause, the party would capture the transferor state's law merely by the act of filing suit.[4]

Thus, neither of the two possibilities considered hitherto appear satisfactory. A third, however, is suggested by *Van Dusen* itself. In laying down the general rule that the law of the transferor state should be applied subsequent to a § 1404(a) transfer, the Supreme Court noted that the rule might not be applicable in all instances and noted in particular two possible exceptions: "if a plaintiff sought transfer under § 1404(a) or if it was contended that the transferor State would simply have dismissed the action on the ground of *forum non conveniens.*" *Van Dusen,* 376 U.S. at 640, 84 S.Ct. at 821 (footnote omitted). The first of these possible exceptions was of course rejected in *Ferens;* the second, however, has never been addressed by the Court and suggests a rule of considerable appeal in the instant case. Pursuant to this rule, the law of the transferee state would be applicable if the state courts in the transferor state would have dismissed the case for *forum non conveniens.* This rule would thus mimic the result in state court, the application of the transferor state's law when the state courts of the transferor state would have kept the case, and the application of the transferee state's law when they would have dismissed the case.

Foremost among the virtues of this solution is its fidelity to the principles of *Erie.* The same substantive law will apply whether a party commences suit in federal or state court. The opportunities for forum shopping between state and federal court will thereby be eliminated. In addition, this solution is consistent with the concerns of *Ferens* and *Stewart* that a transfer pursuant to § 1404(a) should remain a "housekeeping measure" rather than a determination of substantive law; the applicable law will depend not on whether the case is transferred but on whether the state courts of the transferor state would have dismissed the case for *forum non conveniens.*[5] Lastly, since most state courts enforce forum selection clauses, this solution will in large part preserve the expectations of parties who agree to such clauses.

Finally, it bears observation that while the result reached herein may appear to be an exception to *Van Dusen,* it could as accurately be characterized as simply an extension of *Van Dusen. Van Dusen* instructs the transferee court to look to the choice of laws rules of the transferor state to determine the applicable law. The result herein also prescribes an inquiry under the laws of the transferor state: namely, whether the transferor state's courts would have dismissed the action for *forum non conveniens.* Thus, the transferor state's laws regarding *forum non conveniens* are treated by the transferee court as implicit choice of law rules.

■ Accordingly, this Court holds that when a case is transferred based on a forum selection clause, the transferee court shall apply the law of the state in which it sits if the state courts of the transferor state would have dismissed the action for *forum non conveniens,* but shall apply the law of the transferor state if the action would not have been dismissed.

■ Turning to the instant case, the question is whether the courts of the Commonwealth of Puerto Rico would have dismissed this case for *forum non conveniens.* It is clear that they would not have. Puerto Rico's Law 75, which is clearly applicable to the Distribution Agreement, provides that "[a]ny stipulation that obligates a dealer to ... litigate any controversy that comes up

---

4. Presuming, of course, that venue lies and that the court has personal jurisdiction over the defendant.

5. Indeed, it may be argued that this rule should apply even in the absence of an actual transfer. Thus, if a federal court rejects a motion to transfer to the contractually specified forum, the court might nonetheless apply the law of that forum if the court determines that a state court would have dismissed the action for *forum non conveniens.*

regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be ... considered as violating the public policy set forth in this chapter and is therefore null and void." P.R.Laws Ann. tit. 10, § 278b–2 (Supp.1989). Accordingly, the forum selection clause in the Distribution Agreement was clearly unenforceable under Law 75. Moreover, there is clearly no other basis upon which JVC could have obtained a dismissal for *forum non conveniens* since Puerto Rico would have been as convenient a forum as any other in which to litigate this suit.

Accordingly, the Court concludes that it should apply the choice of law rules of the transferor forum, Puerto Rico.

## II. APPLICATION OF PUERTO RICO CHOICE OF LAW RULES

■ The Court must now apply Puerto Rico choice of law rules to determine whether New York or Puerto Rico law governs this dispute. The Distribution Agreement contains a choice of law clause specifying New York law. However, this clause is unenforceable because Law 75 provides that choice of law clauses in distribution agreements are contrary to public policy and must be regarded as a nullity. *See* P.R.Laws Ann. tit. 10, § 278b–2 (Supp.1989); *Walborg Corp. v. Tribunal Superior,* 104 D.P.R. 184 (1975);[6] *Pan Am. Computer Corp. v. Data Gen. Corp.,* 467 F.Supp. 969, 970 (D.P.R.1979); *see also Southern Int'l Sales Co. v. Potter & Brumfield Div. of AMF Inc.,* 410 F.Supp. 1339, 1342 (S.D.N.Y.1976) (Weinfeld, J.) (applying New York choice of law rules, Law 75 held to govern despite choice of law clause specifying Indiana law). Accordingly, the Court will

disregard the choice of law clause in determining the applicable law.

■ As a general matter, under Puerto Rican law "a contract claim is governed by the law of the state which had the dominant contacts with the contractual agreement." *Weatherly v. International Paper Co.,* 648 F.Supp. 872, 874 (D.P.R.1986). The relevant contacts include "the place of execution, the place of performance and the residence of the parties." *Id.* at 874. These contacts, however, are not to be merely mechanically counted, *see Green Giant Co. v. Superior Court,* 104 P.R.R. 489, 694 (P.R.1975), but rather must be considered with reference to certain underlying judicial concerns, which include:

> "a) predictability of results, b) maint[e]nance of interstate and international order, c) simplification of the judicial task, d) advancement of the forum's governmental interests and e) application of the better rule of law."

*Arrieta Gimenez v. Arrieta Negron,* 672 F.Supp. 46, 48 (D.P.R.1987) (*quoting Green Giant,* 104 P.R.R. at 695).

In the instant case, the determinative consideration must be Puerto Rico's governmental interest in regulating the contractual relations of local distributors. This interest was clearly indicated in the Statement of Motives that accompanied Law 75, which declared that "reasonable stability in the distribution relationship in Puerto Rico is vital to the general economy of the country, to the public interest, and to the general welfare." Law No. 75 of June 24, 1964, at 231. Because of this public interest, Law 75 is a mandatory scheme of regulation:

---

**6.** In *Walborg* both an arbitration and a choice-of-law provision were invalidated. In *Medika Int'l, Inc. v. Scanlan Int'l, Inc.,* 830 F.Supp. 81 (D.P.R. 1993) the District Court for the District of Puerto Rico suggested that the viability of *Walborg* had been called into question by *Unisys Puerto Rico, Inc. v. Ramallo Bros. Printing, Inc.,* 91 J.T.S. 69 (1991) and *World Films, Inc. v. Paramount Picture Corp.,* 90 J.T.S. 17 (1990). *Medika,* 830 F.Supp. at 86. This Court, however, finds no basis for such a conclusion with respect to *Walborg's* invalidation of a choice of law provision under Law 75. In *World Films,* the Supreme Court of Puerto Rico concluded that its holding

in *Walborg* that arbitration clauses in dealership contracts were invalid was in conflict with the Federal Arbitration Act. However, *World Films* did not address itself to *Walborg's* holding that choice of law clauses are invalid under Law 75. With respect to *Unisys,* that decision established a general presumption that choice of forum clauses are enforceable. However, even overlooking the fact that *Unisys* concerned a choice of forum rather than choice of law clause, *Unisys* is inapposite to a case such as this or *Walborg* in which a specific statutory provision is applicable that renders the choice of law provision null and void.

The provisions of this chapter are of a public order and therefore the rights determined by such provisions cannot be waived.... [I]n the adjudgment of the claims that may arise hereunder, the courts of justice shall recognize the right in favor of [distributors] notwithstanding the corporate or contractual structures or mechanisms that the principal or grantor may have created or imposed to conceal the real nature of the relationship established.

P.R.Laws Ann. tit. 10, § 278c (1978).

Accordingly, it is quite plain that Law 75 is intended to be a mandatory scheme regulating the contractual relations of all parties distributing goods in Puerto Rico. *See* P.R.Laws Ann. tit. 10, § 278(a) (1978). Since Caribbean Wholesales is such a party, it may properly invoke the protections of Law 75. *See Pan Am. Computer Corp.,* 467 F.Supp. at 970; *see also Southern Int'l Sales,* 410 F.Supp. at 1342 (Weinfeld, J.) (applying governmental interest analysis under New York conflicts rules, finding that Law 75 governed despite choice of law clause specifying Indiana law).

Accordingly, since JVC's motion to dismiss is premised solely on its contention that Law 75 is inapplicable and New York law governs this dispute, the motion is without merit.

## CONCLUSION

For the reasons stated above, the Court denies JVC's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The parties are advised to appear for a pre-trial status conference on July 22, 1994, at 3:00 p.m. in Courtroom 312.

**SO ORDERED.**