■ GENE REALE, Respondent, v. INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Appellants.— Order, entered February 2, 1970, unanimously reversed, on the law, with $50 costs and disbursements to defendants-appellants, defendants' motion for summary judgment granted and complaint dismissed. The plaintiff alleges the malicious and wrongful termination of his employment as a salesman by defendant, IBM. However, the plaintiff did not have an

employment contract for any agreed term and there is a failure as a matter of law to demonstrate an exclusive malicious motivation for the acts of the defendants. Upon the defendants' showing of the particular circumstances leading to the discharge, plaintiff was bound to come forward and reveal the evidentiary data claimed to establish a cause of action. (See *Indig* v. *Finkelstein,* 23 N Y 2d 728; *Shapiro* v. *Health Ins. Plan,* 7 N Y 2d 56, 63.) Plaintiff was bound to present proofs tending to exclude any motive other than a desire on the part of defendants to cause harm to plaintiff. (See *Squire Records* v. *Vanguard Recording Soc.,* 25 A D 2d 190, affd. 19 N Y 2d 797; *Reinforce, Inc.* v. *Birney,* 308 N. Y. 164; *Stillman* v. *Ford,* 22 N Y 2d 48; *Beardsley* v. *Kilmer,* 236 N. Y. 80.) The plaintiff's conclusory allegations of malice are not sufficient to establish that he has a case. (See *Benton* v. *Kennedy-Van Saun Mfg. & Eng. Corp.,* 2 A D 2d 27, 30; *Khuri* v. *Kellogg Co.,* 33 A D 2d 736; *Harris* v. *Sobel,* 31 A D 2d 529.) Concur — Eager, J. P., Capozzoli, McGivern and Markewich, JJ.