James N. WEATHERLY, Jr., et al., Plaintiffs,

v.

INTERNATIONAL PAPER CO., Defendant.

Civ. No. 84–2679 HL.

United States District Court, D. Puerto Rico.

Nov. 24, 1986.

Patrick Duffy O'Neill, Colorado, Martinez, Odell, Calabria & Sierra, Hato Rey, P.R., for plaintiffs.

Edwin J. Guillot, Jr., McConnell Valdes Kelley Sifre, San Juan, P.R., for Intl. Paper Co.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff, James N. Weatherly, citizen of West Palm Beach, Florida, filed this diversity action against International Paper Company, a New York corporation, for wrongful discharge in violation of an implied contract of employment and for compensation of employment-related expenses.

Defendant has presented a Motion for Summary Judgment claiming plaintiffs' action for wrongful discharge is barred by the statute of limitations and the action for compensation for expenses is barred by laches. Summary judgment is GRANTED on both claims and the action is DISMISSED.[1]

FACTS

James Weatherly was hired by International Paper Co. ("International") in 1941. He worked as an International employee in various capacities until January 1972, when his employment was terminated.

From 1957 through 1970 plaintiff had worked in the auditing department of International's New York headquarters. In 1971 he was appointed to a "transitional assignment" as plant controller for the Caribbean region stationed in San Juan, Puerto Rico. Plaintiff was awarded a salary increase in April, 1972, in recognition of successful job performance in the Caribbean.

Despite apparent satisfaction with plaintiff's job performance, International's General Manager in charge of Overseas Operations sent him a letter dated January 2, 1973, informing him that his employment with International and all International subsidiaries was terminated effective January 31, 1973. As explained in the termination letter, the reason for plaintiff's discharge was "unsatisfactory job performance;" specifically his "failure to achieve, in a timely fashion the professional objectives communicated to [him] in early 1972."

Plaintiff denies defendant's allegation that he failed to complete the employment objectives by the deadline. In the spring of 1972 plaintiff was taken ill with an unusual amoebic infection which caused him to be hospitalized. In spite of this illness, he claims to have continued working and to have completed all his employment duties on time.

Plaintiff filed this complaint on October 24, 1984, over eleven years after the effective date of his discharge, January 31, 1973. The complaint charges defendant with breach of an implied contract of lifetime employment and failure to compensate for business expenses properly incurred.

Defendant's Motion for Summary Judgment raises the issue whether Puerto Rico's Act No. 80, 29 L.P.R.A. sect. 185a et seq., which regulates an employer's right to discharge an employee is exclusive remedy for wrongful discharge, and, if not, whether plaintiff has stated a claim for breach of an implied contract of employment. In response to plaintiff's claim for compensation of expenses defendant raises Puerto Rico's Act No. 96, 29 L.P.R.A. sect. 246d, and the equitable doctrine of laches as affirmative defenses.

Defendant is entitled to summary judgment if it establishes the nonexistence of a genuine issue of material fact and the right to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975). In determining whether summary judgment is appropriate, the court must consider the record in a light most favorable to the party opposing the motion. *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). However, once the moving party supports summary judgment, the adverse party may not rest on conclusory allegations unsupported by factual data, but must set forth specific facts showing there to be a genuine issue for trial." Fed.R.Civ.P. 56(e); *Smith v. Saxbe*, 562 F.2d 729 (D.C.Cir.1977).

CHOICE OF LAW

As a preliminary matter we find the law of Puerto Rico to be the applicable law governing this action. Plaintiff's claim against International is based on a theory of contract law, which is governed by state rather than federal law. When the legal

---

**1.** Weatherly's wife, Margaret Weatherly, also filed a claim for mental suffering resulting from her husband's discharge. Because we are dismissing this action there is no reason for us to address her claim.

issue presented to a federal district court sitting in diversity is a matter of state law, the court must apply the conflict of law rules of the forum state to determine which state's law governs the claim. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Mason v. Southern New England Conference, et al.,* 696 F.2d 135, 136–137 (1st Cir.1982). In Puerto Rico, a contract claim is governed by the law of the state which had the dominant contacts with the contractual agreement. *Green Giant Co. v. Superior Ct.,* 104 D.P.R. 489, 498 (1975). Among the contacts to be considered are the place of execution, the place of performance and the residence of the parties. *Fojo v. American Express Co.,* 554 F.Supp. 1199 (D.P.R.1983). In the case of a contract for services, the place of performance is the factor of greatest significance. *Green Giant, supra,* at 696.

■ The present action concerns an agreement for services whereby plaintiff agreed to move to San Juan, Puerto Rico, to work as International's plant controller for the Caribbean region. Though the decision to assign plaintiff to a position in San Juan was made from International's headquarters in New York, the most significant contact—the place of performance—was with Puerto Rico. While on assignment in the Caribbean plaintiff lived in San Juan and performed his duties using Puerto Rico as the base of operation. Since this forum has the dominant contacts with the employ-ment agreement, the Civil Code of Puerto Rico and Puerto Rico's statutes regulating the employment relationship govern plaintiff's claim.

## WRONGFUL DISCHARGE UNDER THE LAW OF PUERTO RICO

Puerto Rico's Act No. 80, Article 1 provides that:

Every employee in commerce, industry or any other business or place of employment ... in which he works for compensation of any kind, under contract *without a fixed time,* who is discharged from his employment *without good cause* shall be entitled to receive from his employer, in addition to the salary he may have earned:

(a) the salary corresponding to one month as indemnity; [and]

(b) an additional progressive indemnity equivalent to one week for each year of service. (Emphasis added.)

29 L.P.R.A. 185a. Article 2 of Act No. 80, 29 L.P.R.A. 185b, lists those situations considered "good cause" or valid reasons for discharge.[2] A discharge for any reason other than those listed in Article 2 of Act No. 80, or for no reason at all, is considered a wrongful discharge entitling an employee hired for an indefinite term to damages, provided the employee files a claim against the employer within the three year limitation period beginning the effective date of discharge. 29 L.P.R.A. sect. 185l.

---

2. Act No. 80, Article 2, 29 L.P.R.A. 185b provides:

—Just cause for discharge

Good cause for the discharge of an employee of an establishment shall be understood to be:

(a) That the worker indulges in a pattern of improper or disorderly conduct.

(b) The attitude of the employee of not performing his work in an efficient manner or of doing it belatedly and negligently or in violation of the standards of quality of the product produced or handled by the establishment.

(c) Repeated violations by the employee of the reasonable rules and regulations established for the operation of the establishment, provided a written copy thereof has been timely furnished to the employee.

(d) Full, temporary or partial closing of the operations of the establishment.

(e) Technological or reorganization changes as well as changes of style, design or nature of the product made or handled by the establishment and in the services rendered to the public.

(f) Reductions in employment made necessary by a reduction in the volume of production, sales or profits, anticipated or prevalent at the time of the discharge.

A discharge made by mere whim or fancy of the employer or without cause related to the proper and normal operation of the establishment shall not be considered as a discharge for good cause.

Defendant claims that plaintiff's exclusive remedy for wrongful discharge is pursuant to Act No. 80, and, that remedy is now unavailable because the Act's three year statutory period of limitations expired eight years before plaintiff filed a claim against International. Plaintiff counters that there is no statute of limitations problem even though he waited eleven years to file suit because his claim against International falls within the Civil Code's fifteen year prescription period for a contract claim. Article 1864, 31 L.P.R.A. sect. 5294. He argues that Act No. 80 does not preclude a claim for breach of an implied contract of employment under Puerto Rico's Civil Code. *See* Articles 1041–1046, 31 L.P. R.A. sects. 2991–2996 and Articles 1206–1229, 31 L.P.R.A. sects. 3371–3434. According to plaintiff's theory, Act No. 80 protects only those employees who have no other recourse at law for unjust dismissal. He claims he does not fall into this category of employee because he was legally protected by an implied contract of employment for life which could be terminated only for cause and after having been accorded notice and hearing.[3]

Plaintiff's claim against defendant is meritless. There is no question that Act No. 80 is the exclusive remedy for wrongful discharge in Puerto Rico. Further-more, even if breach of an implied contract of lifetime employment was a recognizable claim under Puerto Rico law, the evidence in this case is woefully inadequate to state such a cause of action.

As authority for his claim to an implied lifetime contract, plaintiff relies solely on state and federal court decisions from other jurisdictions which have departed from the common law rule of employment at will. *See, e.g., Wiskotoni v. Michigan National Bank-West,* 716 F.2d 378 (6th Cir. 1983); *Pugh v. See's Candies,* 116 Cal. App.3d 311, 171 Cal.Rptr. 917 (1981). Though plaintiff's reliance on decisions from common law jurisdictions is misplaced to support a claim for wrongful discharge under the law of Puerto Rico, it raises an interesting question of comparative law.

The rule of employment relations is well settled in American common law jurisdictions. Absent an express contract to the contrary, an employee hired for an indefinite term is terminable at the will of the employer without notice.[4] The employment-at-will doctrine is based on a strict interpretation of the basic, common law contract principle of mutuality of obligation. If the employee is free to quit at

---

**3.** Though neither party raised the issue, we note that Act No. 80 was not yet enacted when plaintiff was discharged in 1972. At that time, an employee was protected from wrongful discharge by Act No. 50, April 20, 1949, Act No. 80's predecessor. Other than the additional indemnification allowed by Act No. 80, Act No. 50 provided equal protection from unjust employment termination. However, unlike Act No. 80, Act No. 50 expressed no specific period of limitations to file a claim. Under the law of Puerto Rico when a statute is silent as to the period for prescription, resort is made to the most analogous term provided in the Civil Code. *See Olmo v. Young & Rubicam of Puerto Rico,* 110 D.P.R. 740, 745 (1981). According to the language of both Act No. 50 and Act No. 80 a claim for wrongful discharge is a claim for indemnification. Hence, the one year statute of limitations for tort claim actions would govern Act 50 claims. *See Cortés v. Valdés,* 43 P.R.R. 134 (1932); *see also, Olmo, supra* at 745. When Act No. 80 was passed the legislature extended the limitations period to three years.

We continue with an analysis of this case under Act No. 80 which currently governs wrongful discharge in Puerto Rico. It goes without saying that if defendant prevails on his argument that plaintiff's claim is barred by Act No. 80's three year statute of limitations, *a fortiori,* the claim would be barred by the one year period applicable to Act No. 50.

**4.** This rule was not inherited from the English, but was developed independently by American scholars and courts in the latter part of the nineteenth century to protect a burgeoning industrial society. *See* Clyde W. Summers, *Individual Protection Against Unjust Dismissal: Time for a Statute,* 62 Va.Law Rev. 481, 485 (1976). It was believed that "by increasing the employer's freedom in the employment relationship and restricting its liability, the at-will contract rule was meant to further economic growth and entrepreneurship." *Note, Protecting At Will Employees Against Wrongful Discharge: The Duty to Terminate only in Good Faith,* 93 Harvard Law Review 1816, 1826 (1980).

any time, the employer must be equally free to terminate employment.[5]

Though still reluctant to undermine this deeply engrained rule, various state courts have allowed employees for policy reasons, to rebut the presumption of employment-at-will to prevent cases of injustice. *See Discharge of At-will Employee*, 12 A.L.R. 4th 544. These decisions acknowledge the basic inequities of the doctrine—that it overlooks the unequal bargaining power between employer and employee and authorizes the discharge of a long-term employee for any reason without regard to the employee's years of satisfactory performance or the substantial opportunities he may have foregone to remain in the employer's service.

Among the legal theories recognized to rebut the presumption of employment at will is a claim for breach of an implied contract of employment. *See e.g., Pugh v. See's Candies*, 116 Cal.App.3d 311, 171 Cal. Rptr. 917 (1981); *Fortune v. National Cash Register Co.*, 373 Mass. 96, 364 N.E.2d 1251 (1977); *Monge v. Beede Rubber Co.*, 114 N.H. 130, 316 A.2d 549 (1974). Employees have also prevailed on tort claims for abusive or retaliatory discharge, *see, e.g., Keating v. Bbdo Int'l.*, 438 F.Supp. 676 (S.D.N.Y.1977); *Johnson v. National Beef*, 220 Kan. 52, 551 P.2d 779 (1976); *Reale v. IBM Corp.*, 34 A.D.2d 936, 311 N.Y.S.2d 767 (1st Dept.1970), aff'd, 28 N.Y.2d 912, 322 N.Y.S.2d 735, 271 N.E.2d 565; *Geary v. U.S. Steel*, 456 Pa. 171, 319 A.2d 174 (1974); *Petermann v. Teamsters*, 174 Cal.App.2d 184, 344 P.2d 25 (1959), and

on claims for a violation of public policy, *see e.g., Palmateer v. Int'l. Harvester Co.*, 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981); *Larsen v. Motor Supply Co.*, 117 Ariz. 507, 573 P.2d 907 (1977); *Patterson v. Philco Corp.*, 252 Cal.App.2d 63, 60 Cal. Rptr. 110 (1st Dist.1967); *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978).

Even if we were to find, which we do not, that breach of an implied lifetime contract of employment was a recognizable claim under the law of Puerto Rico, plaintiff's claim against International would fail. In support of his claim plaintiff relies almost exclusively on the fact that he was employed by International for almost thirty-two years.[6] We are sympathetic with plaintiff's situation as an employee abruptly terminated from employment after almost thirty-two years of service. However, evidence of his length of service alone is insufficient to state a claim for implied contract of lifetime employment. Even those courts in common law jurisdictions which have recognized implied contracts of employment have held that claims to lifetime employment must be based on extraordinary proof of the employer's clear and unequivocal intent to make a lifetime commitment. *See Boleman v. Congdon and Carpenter Co.*, 638 F.2d 2 (1st Cir. 1981); *Brown v. Safeway Store*, 190 F.Supp. 295 (E.D.N.Y.1960). *See also, Foley v. Community Oil Co., Inc.*, 64 F.R.D. 561 (D.N.H.1974). Plaintiff has clearly failed to meet this standard.

---

**5.** Some Federal and State legislation has abandoned the mandate of mutuality and encrouched slightly on the at-will doctrine by restricting the employer's freedom to terminate an employee in certain instances. For example, an employer is prohibited from discharging an employee because of the employee's involvment in union activity, 29 U.S.C. sect. 158(a)(3), or because of the employees' race, creed, nationality, sex and age, 42 U.S.C. sect. 2000e–2000e–15. Other than this legislation providing protection on a piecemeal basis, the average non-union employee has no legal remedy for employment termination in American common law jurisdictions because of the presumption that employment is at will.

**6.** Plaintiff also relies on some vague language concerning employment tenure in International's employment policy manual and the letter assigning him to the "transitory position." None of this language supports a claim for an employment contract for life. In fact, a statement in the assignment letter makes it clear International was appointing plaintiff to the Caribbean position for an indefinite term:

"The foregoing expresses the Company's intent with respect to compensation while you are performing services for the company on the assignment referred to and in no way is a commitment to employment for any specific duration."

In fact, in Puerto Rico, where the law is based on the Spanish Civil Code rather than common law, there is no reason to imply a contractual duty to prevent unjust discharge because the presumption of employment-at-will, still prevailing at American common law, no longer exists.

Originally employees in Civil Code jurisdictions, like those in common law jurisdictions had no legal protection from wrongful discharge. *See Rodriguez v. District Court,* 65 P.R.R. 576, 581 (1946). However, since 1926 at least, the employment relationship in Spain, including the employer's right to discharge employees, has been regulated by statute. Sect. 21 of the Spanish Labor Code, as revised Sect. 77 of the Spanish Labor Code. Employers in Spain are prohibited from terminating employment except for "just cause" as defined by the statute. Puerto Rico first adopted legislation regulating employment termination in 1930. This legislation was amended in 1949, Act No. 50, and again in 1976, when Act No. 80 was passed, to include terms increasingly favorable to the employee.

Just as federal and state courts in common law jurisdictions have attempted through judicial decisions to balance the tension of protecting the employee's right to be free from unjust discharge with the

employer's right to freedom of choice, so the Puerto Rico legislature was conscious of reaching this same balance. The purpose of Act No. 80 is to protect nonunion employees hired for an indefinite term from arbitrary termination, without unreasonably limiting the employer's inherent freedom to choose competent employees. Statement of Motives, Act May 30, 1976, No. 80, Laws of Puerto Rico 1976, p. 251; *see also Srio. Del Trabajo v. ITT,* 108 D.P.R. 536, 540–41 (1979), (citing a report by the Civil Rights Commission of Puerto Rico, August 1959).

Since 1930, then, employees in Puerto Rico have had a statutory remedy for wrongful discharge. Act No. 80 and its predecessors, has been construed as the exclusive remedy for wrongful discharge for employees hired for an indefinite term of employment. *See Rivera v. Security National Life Ins. Co.,* 106 D.P.R. 517, 527 (1977); *Cassasus v. Escambron Beach Hotel,* 86 P.R.R. 356 (1962); *Vargas v. Royal Bank of Canada,* 604 F.Supp. 1036, 1037 (D.P.R.1985); *Wolf v. Neckwear Corp.,* 80 D.P.R. 519 (1958); *Rodriguez v. District Court,* 65 P.R.R. 576 (1946).[7]

■ Unless an employee, unprotected by other social legislation,[8] can establish that the employer committed an independent tortious act in the course of terminating

---

7. Only employees with a service contract for a definite term has the right to recover damages for breach of contract under Article 1476 of the Civil Code, 31 L.P.R.A. sect. 4114. *Long Corporation v. District Court,* 72 P.R.R. 737 (1951). Article 1476, 31 L.P.R.A. sect. 4114, provides:

Field hands, mechanics, artisans, and other laborers hired for a certain time or for a certain work cannot leave nor be dismissed without just cause before the contract is completed.

8. Employees in Puerto Rico have a statutory remedy for employment termination apart from Act No. 80 if they fall within the scope of one of the following statutes:

1. Discharge for Political motivation, 29 LPRA 136.
2. Discharge for Anti-union motivation, 29 LPRA 69(1)(c).
3. Discharge in retaliation for filing a salary claim, 29 LPRA 245w.
4. Discharge of a woman because of pregnancy, 29 LPRA 469.

5. Discharge because an employee refuses to lift objects weighing excessive amounts, 29 LPRA 353.
6. Discharge in retaliation for filing workmen's compensation claim, 11 LPRA 7.
7. Discharge because employee has been called to serve on a jury, 29 LPRA 152.
8. Discharge because employee has been called to serve with the National Guard, 25 LPRA 2084.
9. Discharge in retaliation for filing a complaint under the Social Security laws of Puerto Rico, 29 LPRA 361aa.
10. Discharge in retaliation for receiving benefits under the handicap laws of Puerto Rico, 11 LPRA 203.
11. Discharge in violation of an employment contract for a definite term, Civil Code, Article 1476, 31 LPRA 4114.
12. Discharge for age, race, color, creed, sex, national origin, or social position, 29 LPRA 146.

It may safely be said that in terms of social legislation, Puerto Rico is one of the most liberal jurisdictions under the United States flag.

employment, the sole remedy from wrongful discharge is pursuant to Act No. 80. *See Rivera v. National Security Life Ins. Co., supra*, at 527 (1977); *see also, Vargas v. Royal Bank of Canada, supra.* On the issue of an employer's civil liability for wrongful discharge the Puerto Rico Supreme Court stated unequivocally that:

> In the cases of ordinary suspension from work without cause, no civil liability is imposed on the employer. He is merely under the obligation of paying [Act No. 80 damages], in addition to the salary the employee would have earned, one month's salary as indemnity [plus an additional progressive indemnity equivalent to one week for each year of service]. Not even reinstatement is available in these cases.

*Rivera*, at 527.

■ In no American jurisdiction, other than Puerto Rico, are employees protected from unjust dismissal by a general statute regulating the employment relationship. *See* Summers, *Individual Protection against Unjust Dismissal: Time for a Statute, supra.* 62 Va.Law Rev. 481. As an employee working in Puerto Rico at the time of his discharge, plaintiff had the perfect opportunity for redress. Plaintiff was hired by International for an indefinite term of employment bringing him within the scope of Act No. 80.[9] Had he filed a claim against International within three years, he would have had a valid claim for wrongful discharge and the statutory remedy provided by Act No. 80. Instead, plaintiff waited over eleven years to file suit against International. We find plaintiff's claim for unjust employment termination to be barred by Act No. 80's three year statute of limitations.[10]

## CLAIM FOR UNPAID COMPENSATION

Plaintiff claims defendant owes him over $12,000 in accrued business expenses. We find this claim to be barred by the three year limitation period of Act No. 96, 29 L.P.R.A. sect. 246d.

The limitation provision of Act No. 96 provides:

> The right to institute an action to recover wages which an employee may have against his employer ... under contract, agreement or law, shall prescribe upon the lapse of three (3) years. For the purpose of the prescription of such action the time shall be reckoned from the date the employee ceased in his employment with the employer.

29 L.P.R.A. sect. 246d. "Wages" are defined in section 246l to include "salary, wages, and any sort of compensation, whether in money, kind, service, facilities, or combination of any of them." *See Labor Relations Board v. Orange Crush*, 86 P.R.R. 618,620 (1962) ("wage includes any sort of compensation").

■ The unpaid business expenses at issue in this case fall within this definition of "wages." Plaintiff's claim for compensation filed eight years after the limitation period had expired is, therefore, barred.

WHEREFORE, plaintiff's complaint is hereby DISMISSED. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

---

9. Even following plaintiff's argument that he was employed for life, he would be considered a "permanent employee" and would still come within the scope of Act No. 80. *See Cassasus v. Escambrón Beach Hotel, supra*, 86 P.R.R. 356.

10. Given the exclusiveness of the remedy under Act No. 80, one may wonder why plaintiff filed his claim in Puerto Rico eleven years after his discharge and eight years after Act No. 80's limitation period had expired. The answer is clear. Puerto Rico, where there exists a fifteen year statute of limitations for contract claims is the only forum with jurisdiction where a claim for breach of an implied contract for lifetime employment would not have been automatically barred. New York, where International has its headquarters, has an eight year statute of limitations for contract claims, Sect. 213, N.Y.Civ. Prac.Law (McKinney), and Florida, where plaintiffs are domiciled, has a five year limitation period for actions based on written contracts, 95.11(2)(b), Florida Statutes (1975).