**UNION INDEPENDIENTE DE TRA-BAJADORES DE AEROPUER-TOS, Plaintiff,**

v.

**CARGO SERVICES, CORP. and Negociado de Conciliacion y Arbitraje del Departamento del Trabajo y Recursos Humanos, Defendants.**

No. Civ. 98–1224(DRD).

United States District Court, D. Puerto Rico.

May 24, 1999.

Jose E. Carreras–Rovira, Hato Rey, PR, for Plaintiff.

Reynaldo A. Quintana–Latorre, Curbelo & Nunez, Hato Rey, PR, for Defendants.

## *OPINION & ORDER*

DOMINGUEZ, District Judge.

Pending before the Court is Defendant's, Cargo Services Corp. ("Cargo"), Motion For Summary Judgment (Docket No. 6), which Plaintiff, Union Independiente de Trabajadores de Aeropuertos ("Union"), opposed. (Docket No. 8). For the succeeding reasons, the Defendant's Motion For Summary Judgment is hereby **GRANTED.**

### I. BACKGROUND

The instant action stems from an Arbitration Award pursuant to a Collective Bargaining Agreement ("CBA") between the parties. The underlying facts are uncontested and are briefly recited.

Cargo's business is handling the cargo for different airlines here in Puerto Rico. On Saturday, January 22, 1994, four employees, Iván de León, Angel Pérez, Héctor Rivera Santiago and Rait Meléndez Martínez, of Cargo were engaged in handling airplane cargo. The employees' direct supervisor was absent from the restricted work area when the President of Cargo, Mr. Santana, arrived. Mr. Santana observed the four employees not performing any productive work. He requested that two or three of the employees to follow him to unload a truck full of suitcases. Upon returning to the warehouse, Mr. Santana noticed that one of Cargo's trucks, which had recently been repaired and painted now had numerous damages.[1] The damages were attributed to the employees and they were suspended without pay. An internal investigation confirmed the employees' dismissal.

The employees initiated arbitration proceedings as per the CBA in place between the Union and Cargo. The arbitrator rendered an award that the four employees' dismissal was not justified. The remedy entered was an award for severance pay as provided for by Puerto Rico Law 80, P.R.Laws Ann. tit. 29, § 185 et. seq. (1976). (Docket No. 6, Exh. 1, Arbitration Award pp. 12–3) ("In this case the applicable legislation is Law No. 80 of May 1976."). Plaintiff does not dispute the arbitrator's decision of unjust dismissal. Instead Union filed suit [2] in the Commonwealth courts contending that the arbitrator erred and exceeded his authority by granting merely legislated severance pay as the remedy and that the appropriate remedy should have been the reinstatement of the employees with back pay.

Cargo, removed the case to this Court and filed for summary judgment. Pursuant to Local Rule 311.12, annexed to Cargo's Motion For Summary Judgment, Cargo filed a Statement Of Material Facts To Which Respondent Contends There Remain No Genuine Issues To Be Tried.[3]

---

1. The damages to the vehicle included a dented bumper, the passenger door was scratched, the windshield wiper as well as the right door window and the front head lights were all broken. The damage was estimated at $2,000.00.

2. Union filed suit in the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Superior Section, under the Number KAC 98–0175(905).

3. "1. Cargo Services, Corp. is a corporation duly authorized to do business under the laws of the Commonwealth of Puerto Rico.

2. Cargo Services, Corp. and the Unión Independiente de Trabajadores de Aeropuertos govern their labor relations through a Collective Bargaining Agreement.

3. Plaintiffs were employees of the Company, in charge of handling the cargo of airplanes of the airlines to which they provided services.

4. These employees were assigned to work on Saturday, January 22, 1994.

(Docket No. 6). Union agreed with the facts set-forth by Cargo's Statement and adopted the facts therein as its own. (Docket No. 7).

## II. DISCUSSION

■■■ Pursuant to Supreme Court jurisprudence, the First Circuit Court of Appeals has held that the scope of review of an arbitration award by a federal court is very limited.

In the *Steelworkers Trilogy,*the Supreme Court found that the policies behind federal labor law favor the arbitration system for labor disputes. The Court therefore held that an arbitration award is reviewable by a federal court only in very limited circumstances. The thrust of the Court's logic was that, because the collective bargaining agreement called for final and binding arbitration, the parties bargained only for the arbitrator's decision and are not entitled to judicial review unless it can be shown that the arbitrator acted in a way for

which neither party could have bargained.

*Local 1445, United Food v. Stop & Shop Companies,* 776 F.2d 19, 21 (1st Cir.1985) (citations omitted). "The parties bargained for arbitration to settle disputes and were free to set the procedural rules for the arbitrators to follow if they chose." *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 39, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987). "When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies .... his award is legitimate only so long as it draws its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). "So long as the arbitrator, acting within the scope of his delegated authority, is arguably construing the contract, his

5. On said date, these employees lacked supervision due to the fact that their supervisor was absent from his area when Mr. Santana, President of the Company, arrived at the area.
6. The plaintiff-employees were attributed with intentionally damaging a vehicle property of the Company on January 22, 1994.
7. The damages to the vehicle consisted of the following: two front headlights, the bumper and a door, were all broken. Also, the front window had a crack on each end of the same. The damages were estimated at $2,000.00.
8. The van had recently been repaired and painted, wherefore the damages could not have been the result of an automobile accident.
9. A fingerlift used for moving cargo in the area had paint from the vandalized van.
10. As a consequence of the above-mentioned vandalism, the employees were dismissed from their employment pending an investigation of the events occurred on said date. (Exhibit 2).
11. According to the rules, the work area of the employees is one of restricted access which can be entered only using identification from the Ports Authority.
12. Pursuant to the Managerial Rights, the Company prepared, maintains and applies a Disciplinary Regulation.

Rule # 24 of the Regulations provides:
'24. Sabotage, vandalism, intentional abuse or damage of the property of the Company, fellow workers and clients.'
Said rule provides for dismissal in the first violation.
13. The Union filed a complaint in arbitration. On January 20, 1998, the arbitrator rendered his award finding that the dismissal of the four employees was unjust. As remedy, the arbitrator granted severance pay in accordance with Puerto Rico's Law 80. (Exhibit 1—Arbitration Award).
14. On February 17, 1998, the Union filed a suit in the Court of First Instance of the Commonwealth of Puerto Rico. San Juan Superior Section, seeking to vacate the remedial part of the award. (Case No. KAC–98–0175 (905)). (Exhibit 3—Request for Review).
15. On March 5, 1998, Respondent, Cargo Services Corp., filed a Notice of Removal before this Honorable Court, pursuant to the provisions of 28 U.S.C. § 1441 et. seq. (Exhibit 4).
(Docket No. 6, Statement Of Material Facts To Which Respondent Contends There Remain No Genuine Issues To Be Tried).

decision must stand. Put succinctly, then, a court should uphold an award that depends on an arbitrator's interpretation of a collective bargaining agreement if it can find, within the four corners of the agreement, any plausible basis for that interpretation." *El Dorado Technical Servs. Inc. v. Union General De Trabajadores de P.R.*, 961 F.2d 317, 319 (1st Cir.1992). "Under well established standards of review of arbitration awards, a federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be a better one." *W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 764, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983) (citing *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. at 596, 80 S.Ct. at 1360).

■ The First Circuit has held "that a court may review and set aside an arbitrator's decision only if the decision was: (1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact." *Local 1445, United Food v. Stop & Shop Companies*, 776 F.2d 19, 21 (1st Cir.1985) (citing *Bettencourt v. Boston Edison Co.*, 560 F.2d 1045, 1050 (1st Cir.1977) and *see also Trustees of Boston University v. Boston University Chapter*, 746 F.2d 924 (1st Cir.1984)). The arbitrator's decision does not fall within any of the exceptions to unreviewability.

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The instant case, as are most cases strictly challenging an arbitration award or the remedy, is amenable to the summary judgment process because the underlying facts are uncontested and

thus the controversy turns purely on questions of law.

■ This is a classic case of be careful what you request in the Submission, you just might get it. It is undisputed that Article X—Grievance and Arbitration Procedure of the CBA in effect between the parties provides in its Third Step:

"(c) The jurisdiction of the arbiter will be limited exclusively by the Bargaining Agreement. **All the arbiter's decisions, which will be pursuant to law,** will be made in writing, establishing the basis for them, and a copy will be submitted to each one of the parties.

(i) The arbitrator will not have authority to add, delete, eliminate, modify, ignore, or in any other manner, alter any terms of this Agreement or any other agreement between the Union and the Company, or to negotiate new agreements or provisions. The faculty of the arbitrator is limited to the interpretation of, and the decision on the correct application of the terms of this Agreement. **The Award, pursuant to law,** will be final and binding between the parties, unless it is appealed in the Court."

(Docket No. 8, Memorandum In Support Of Motion In Opposition To Motion For Summary Judgment p. 7) (emphasis added). Further, it is undisputed that prior to the arbitration the parties agreed, via Submission, that the arbitrator's task would be:

"To determine if the dismissal of the complainants Iván de León, Angel Pérez, Héctor Rivera Santiago and Rait Meléndez Martínez was justified. If not justified **the arbitrator will provide the remedy pursuant to applicable legislation.**"

(Docket No. 8, Memorandum In Support Of Motion In Opposition To Motion For Summary Judgment, Exh. 1, p. 2) (emphasis added). As a first step, the Submission mandated that the arbitrator determine whether the employees' dismissal was justified. The arbitrator found that the dis-

missal was not justified. This first step is unchallenged in this litigation.

Then, as a second step, if the dismissal was unjustified, then the arbitrator was to provide the remedy pursuant to "applicable legislation." The Court believes the arbitrator followed this second mandate and provided a remedy that could have be granted pursuant to Puerto Rico Law 80 of 1976.[4] Therefore, from the clear and unambiguous language of the CBA and Submission, the arbitrator provided a suitable remedy.

Further, the Plaintiff has not proffered to the Court language within the CBA mandating that the arbitrator upon a finding of unjust discharge the effected employee **must** be reinstated or that the CBA prohibits a remedy of a severance as contemplated under Puerto Rico Law 80, P.R.Laws Ann. tit. 29, § 185 et. seq. (1976). Absent such language and given the agreement embodied in the Submission that "the arbitrator will provide the remedy pursuant to applicable legislation," the Plaintiff has not created a genuine issue of fact.

None of the three exceptions to unreviewability apply here. First, it is clear that the arbitrator's decision is not unfounded in reason and fact. In fact, the arbitrator did precisely what the CBA and the agreed to Submission asked for and provided a "remedy pursuant to applicable legislation."

Second, there is nothing so palpably faulty about the arbitrator's reasoning that no judge could ever make such a ruling. *Local 1445, United Food v. Stop & Shop Companies*, 776 F.2d at 22 ("The arbitrator's decision must be simply in the realm of what a judge might decide."). The arbitrator made an award pursuant to applicable Puerto Rico law. Given the discussion above on available remedies for unjust termination under Puerto Rico law, that is enough.

Third, the arbitrator's decision is not mistakenly based on a crucial assumption that is concededly a non-fact. There are no facts at issue in this case. *See Electronics Corp. of America v. International Union of Electrical, Radio and Machine Workers, Local 272*, 492 F.2d 1255 (1st Cir.1974) (exception applies when sole basis for arbitrator's decision was an inaccurate record of employee's suspension).

Additionally, Plaintiff argues that the arbitrator violated the CBA's "standard no modification clause" by fashioning a remedy contrary to the CBA, and the applicable law. Article X, Third Step, Section (i), of the CBA states "[t]he arbitrator will not have authority to add, delete, eliminate, modify, ignore, or in any other manner, alter any terms of this Agreement or any other agreement between the Union and the Company, or to negotiate new agreements or provisions." In essence, the Plaintiff asserts the arbitrator prescribed a remedy pursuant to the Submission, which thereby violated the CBA's terms.

The Court believes the Plaintiff's argument is without force. The Plaintiff overemphasizes the distinction between the wording of the CBA, "pursuant to law" and the Submission's terms, "applicable legislation." The distinction drawn is inconsequential. Again, the award parleyed

---

4. "[S]ection 185a has been found to be the exclusive remedy for wrongful termination under Puerto Rico law." *In re El San Juan Hotel Corp.*, 149 B.R. 263, 274 (D.P.R.1992) (citing *Rodriguez v. Eastern Air Lines, Inc.*, 816 F.2d 24 (1st Cir.1987); *Weatherly v. International Paper Co.*, 648 F.Supp. 872, 875 (D.P.R.1986); *Vargas v. Royal Bank of Canada*, 604 F.Supp. 1036 (D.P.R.1985); *Rivera v. Security Nat'l Life Ins. Co.*, 106 D.P.R. 517, 527, 1977 WL 50774 (1977)). "The only exceptions to the application of section 185a in cases involving wrongful termination are: (1) if plaintiff is a member of a group protected by other social legislation, (2) if plaintiff has an independent cause of action for a tort committed in the course of the discharge, or (3) if the termination of the plaintiff violated his constitutional rights." *Id.* at 273. The Plaintiff has neither alleged an exception that falls within the above, nor has the Plaintiff proffered any evidence to support the application of the exceptions to the instant case.

out by the arbitrator was arguably "pursuant to applicable legislation" in Puerto Rico and hence, arguably "pursuant to law." Thus, in the Court's eyes the arbitrator made an award not only pursuant to "applicable legislation" but also "pursuant to law." [5]

### III. CONCLUSION

Wherefore, the Defendant's, Cargo, Motion For Summary Judgment (Docket No. 6), is hereby **GRANTED** and this case is **DISMISSED.** Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

**5.** "In accordance to law" or "pursuant to law" "means that an arbitrator's ruling cannot violate established principles of federal labor law." *Dorado Beach Hotel Corp. v. Union de Trabajadores de la Industria Gastronomica, Local 610*, 811 F.Supp. 41, 45–6 (D.P.R. 1993) (quote contained within a parenthetical for *Hilton Int'l Co. v. Union De Trabajadores De La Industria Gastronomica, Local 610*, 600 F.Supp. 1446, 1449 (D.P.R.1985)). Further, "[u]nder federal law an arbitrator's award must draw its essence from the collective bargaining agreement." *Id.* (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987)). The award sufficiently draws its essence from the CBA, simply because the agreement does not require reinstatement for all cases of unjust termination nor does the CBA prohibit a remedy of severance. On the contrary, from the record before the Court, the CBA does not even mention reinstatement. The remedy fashioned simply is not against the CBA, "[in] formulating remedies .... his award is legitimate only so long as it draws its essence from the collective bargaining agreement." *Enterprise Wheel & Car Corp.*, 363 U.S. at 597, 80 S.Ct. at 1361. Further, requesting the arbitrator to provide a remedy "pursuant to applicable legislation" may have guided the arbitrator among its options not foreclosed by the CBA to fashion a severance remedy pursuant to Puerto Rico Law 80, P.R.Laws Ann. tit. 29, § 185 et. seq. (1976).