Janette **CABRERO PIZARRO,**
et al., Plaintiffs,

v.

**CHRISTIAN PRIVATE ACADEMY,**
et al., Defendants.

**Civil No. 07–2228 (GAG).**

United States District Court,
D. Puerto Rico.

May 27, 2008.

Roberto O. Maldonado–Nieves, Roberto O. Maldonado Nieves Law Office, San Juan, PR, for Plaintiffs.

Julio E. Gil–De–La–Madrid, Gil De Lamadrid, PSC, Bayamon, PR, for Defendants.

1.  The complaint also names as a plaintiff Cabrera's domestic partner, Roberto Vergara

*OPINION AND ORDER*

GUSTAVO A. GELPI, District Judge.

Plaintiff, Jannette Cabrera Pizarro,[1] commenced this action against Defendants, Christian Private Academy and its Director, Tito Morales Martinez, alleging sexual harassment and constructive termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. She also asserts supplemental Puerto Rico law claims. Presently before the court are Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 5) and Plaintiff's opposition thereto (Docket No. 10). After reviewing the relevant facts and applicable law, the court **DENIES** Defendants' motion to dismiss.

## I. Motion to Dismiss Standard

Rule 12(b)(6) permits a party to move for dismissal for failure to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* — U.S. ——, ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). The court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. *See id.; Parker v. Hurley,* 514 F.3d 87, 90 (1st Cir.2008).

## II. Factual Background

Plaintiff was hired to work at the Christian Private Academy in September 2000. Docket No. 1, p. 3. Plaintiff alleges that Morales began a pattern of sexual harassment in 2005 which culminated in her constructive termination in August of 2006. *Id.* at p. 4. She alleges that Morales persis-

Vega.

tently sexually pursued her even when she asked him to stop and told him to respect her. *Id.* The ongoing and unwanted sexual harassment, Plaintiff alleges, created a hostile working environment. *Id.* at p. 2.

Plaintiff filed an administrative charge with the Antidiscrimination Unit of the Department of Labor of Puerto Rico on September 18, 2006. *Id.* at p. 5. On September 26, 2007, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right-to-sue letter, which she received on September 28, 2007.[2] *Id.* Plaintiff filed the instant complaint on December 26, 2007. Defendants moved to dismiss the complaint arguing that all of Plaintiff's claims are time-barred and that the complaint fails to state a claim upon which relief can be granted.

## III. Discussion

### A. Plaintiff filed her Title VII claim within the ninety-day limitations period.

Defendants argue that Plaintiff's Title VII claim should be dismissed because she did not file it within the ninety-day limitations period prescribed by the statute. This argument is unfounded.

Title VII requires an allegedly aggrieved person to receive permission from the EEOC before proceeding with a civil action. This permission comes in the form of a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1). The allegedly aggrieved person is put on notice that she has permission to proceed when she receives the right-to-sue letter. "[W]ithin ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved...."[3] *Id.* The First Circuit has resolved any ambiguity regarding the date on which the ninety-day period begins to run. The ninety-period begins to run when the claimant *receives* the right-to-sue letter. *See Noviello v. City of Boston,* 398 F.3d 76, 85 (1st Cir.2005) ("Once such a letter is received, the claimant must file her suit within ninety days.").

Plaintiff received the EEOC right-to-sue letter on September 28, 2007. The ninety-day period expired on December 27, 2007. She filed her complaint on December 26, 2007, one day before the ninety-day period expired. Therefore, Plaintiff timely filed her Title VII claim.

### B. Plaintiff timely filed her Puerto Rico law claims.

In addition to her Title VII claim, Plaintiff alleges violations of the following Puerto Rico laws: Law 80 of May 30, 1976, P.R. Laws Ann. tit. 29, §§ 185a–185m; Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146–151; Law 69 of July 6, 1985, P.R. Laws Ann. tit. 29, §§ 1321–1341; and Law 17 of April 1988, P.R. Laws Ann. tit. 29, §§ 155–155m. Defendants incorrectly argue that these claims must be dismissed as time-barred.

A three-year statute of limitations applies to Law 80 claims. The limitations period begins to run on the effective date of the termination. P.R. Laws Ann. tit. 29, § 185l; *see also Weatherly v. Int'l Paper Co.,* 648 F.Supp. 872, 874–78 (D.P.R.1986) (dismissing Law 80 claim where plaintiff waited eleven years to file suit). Plaintiff alleges that she was constructively terminated in August of 2006. She filed her

---

**2.** Plaintiff corrected a clerical error in the complaint regarding the year in which the EEOC sent the right-to-sue letter. She clarified that the EEOC sent the right-to-sue letter on September 27, 2007 not September 27, 2002. *See* Docket No. 10, p. 3.

**3.** The ninety-day filing rule is not jurisdictional. *Rice v. New Eng. Coll.,* 676 F.2d 9, 10 (1st Cir.1982).

complaint on December 26, 2007, well within the three year statute of limitations. Plaintiff's Law 80 claim is not time-barred.

A one-year statute of limitations period applies to Law 100 claims. *See Olmo v. Young & Rubicam of P.R., Inc.*, 10 P.R. Offic. Trans. 965, 110 D.P.R. 740, 745–48 (1981); *Rodriguez–Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 60 (1st Cir.2005). Law 100's statute of limitations applies by analogy to Law 69. *See Rodriguez–Torres*, 399 F.3d at 60–61; *Matos Ortiz v. Puerto Rico*, 103 F.Supp.2d 59, 63 (D.P.R.2000). Law 100's statute of limitation also applied by analogy to Law 17, *see Matos Ortiz*, 103 F.Supp.2d at 63, until the Puerto Rico legislature amended Law 17 to explicitly include a one year statute of limitations, *see* P.R. Laws Ann. tit. 29, § 155m. In sum, a one-year statute of limitations applies to Law 100, Law 69 and Law 17 claims.

Plaintiff alleges she endured sexual harassment from 2005 until her constructive termination in August of 2006. She filed her complaint more than one year later, on December 26, 2007. Thus, unless the statute of limitations was tolled, these claims are untimely.

■ Law 100's statute of limitations is tolled while an administrative complaint is pending before the Department of Labor of the Commonwealth of Puerto Rico.[4] *See* P.R. Laws Ann. tit. 29, § 150; *see also*

*Rodriguez–Torres*, 399 F.3d at 61 ("Once an administrative charge has been filed with the Department of Labor for the Commonwealth of Puerto Rico and the employer has been notified of the claim, the tolling effect continues during the entire pendency of the administrative proceeding."). The tolling of a Law 100 claim extends to Law 69 and Law 17 claims based on the same conduct. *See Rodriguez–Torres*, 399 F.3d at 61; *Leon–Nogueras v. Univ. of P.R.*, 964 F.Supp. 585, 587–88 (D.P.R.1997).

Here, Plaintiff filed her administrative charge on September 18, 2006. The statute of limitations was tolled for more than one year while her administrative charge was pending. The one-year limitations period began to run on September 26, 2007 when the EEOC concluded its proceedings by issuing Plaintiff a right-to-sue letter. *See Rodriguez–Torres*, 399 F.3d at 61 (noting tolling effective until administrative proceeding concludes). She filed her complaint on December 26, 2007, a mere three months after the one-year limitations period began to run. Accordingly, Plaintiff timely filed her Law 100, Law 69 and Law 17 claims.[5]

### C. Plaintiff's complaint contains sufficient allegations to survive motion to dismiss.

■ Lastly, Defendants argue that the complaint should be dismissed for fail-

---

**4.** An administrative charge tolls the running of the statute of limitations only if defendant receives notice of the charge. *Rodriguez–Torres*, 399 F.3d at 61. Neither party indicates that notice is an issue in this case.

**5.** Plaintiff alleges that the pattern of sexual harassment began in 2005. It is possible that her Puerto Rico law claims based on conduct occurring in early 2005 could be time-barred. Defendants, however, have not briefed the issue. Accordingly, the court declines to fully address it here. The court notes that Plaintiff likely could recover for the potentially untimely conduct. Under Title VII, a hostile

work environment claim may be "comprised of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (quoting 42 U.S.C. § 2000e–5(e)(1)). As long as some act contributing to a hostile work environment occurred during the filing period, "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.; see also Marrero v. Goya of P.R., Inc.*, 304 F.3d 7, 18 (1st Cir.2002) ("The statute of limitations is satis-

ure to allege conduct sufficiently severe or pervasive to sustain a Title VII sexual harassment claim. Defendants correctly state that "sexual harassment is actionable ... only if it is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working condition." *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 270, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). Defendants err, however, in arguing that Plaintiff's complaint contains insufficient allegations to support an actionable sexual harassment claim.

■ Rule 8(a)'s notice pleading requirements apply to a Title VII sexual harassment claim. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Educadores Puertorriqueños en Acción v. Hernández,* 367 F.3d 61, 67 (1st Cir.2004). Pursuant to Rule 8(a), a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A plaintiff need not establish a prima facie case of sexual harassment at the pleading stage. *See Swierkiewicz,* 534 U.S. at 511–12, 122 S.Ct. 992. She must provide factual allegations that show grounds for relief; "labels and conclusions[ ] and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A complaint should include at least "minimal facts as to who did what to whom, when, where, and why...." *Educadores Puertorriqueños,*

367 F.3d at 68. It need not, however, identify all the facts a plaintiff expects to offer to support her claim. *See Gorski v. N.H. Dep't of Corrections,* 290 F.3d 466, 474 (1st Cir.2002).

While Plaintiff's complaint is not a model of factual detail, it gives Defendants fair notice of her claims and the grounds upon which they rest. The complaint addresses the what (unwanted sexual pursuit of Plaintiff), who (by Director Morales), when (from 2005 to August 2006), where (at the Christian Private Academy), and why (because of her gender) of her claims. The question of whether the harassment was sufficiently severe or pervasive is highly fact-specific and more appropriately addressed at summary judgment or by the trier of fact. *See Gorski,* 290 F.3d at 474.

Viewing the complaint's allegations in the light most favorable to Plaintiff, the court concludes that they are sufficient to withstand a Rule 12(b)(6) motion to dismiss. It remains to be seen whether Plaintiff can demonstrate conduct sufficiently severe or pervasive to support her sexual harassment claim. Her allegations, however, are sufficient to state a claim upon which relief can be granted.

## IV. Conclusion

For the reasons discussed above, the court **DENIES** Defendants' motion to dismiss (Docket No. 5).

**SO ORDERED.**

---

fied as long as the plaintiff files a charge within 300 days of one of the many acts that, taken together, created the hostile work environment."). It appears that Puerto Rico courts would apply the federal rule and allow Plaintiff to recover damages for conduct occurring outside of the one-year statutory period. *See Ortiz Roque v. Departamento de Justi-*

*cia,* Caso Núm. KPE2000–2061, 2006 WL 2385344, at *6 (P.R. Cir. June 23, 2006) (holding various incidents of sexual harassment contributing to hostile work environment form part of same cause of action). Nothing in this opinion and order shall prevent Defendants from raising this issue at summary judgment.